## INJURY TO EMPLOYE IN ELEVATOR SHAFT.

Court of Appeals for Hamilton County.

THE PFAU MANUFACTURING COMPANY v. FREDERICK B. BECK, A MINOR, BY BERNARD F. BECK, NEXT FRIEND.

Decided, July 2, 1913.

*Negligence—Proximate Cause of Injury to Foot in an Elevator Shaft— Injured Employe Held to Have Placed Himself in a Dangerous Position.*

The tying of the door of a freight elevator to the ceiling, thereby preventing it descending when the elevator was moved from that floor, was not the proximate cause of injury to plaintiff's foot, which was crushed by the descending balance weight when he stepped upon the ledge of the shaft, and looked up to see where the elevator was, and a motion to arrest the case from the jury should have been granted.

*Robertson & Buchwalter* and *T. C. Jung,* for plaintiff in error.
*Milton Sayler* and *Horstman & Horstman,* contra.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

This action was brought in the court below by Fredrick B. Beck, a minor, by his next friend, Bernard F. Beck, to recover damages from the plaintiff in error, the Pfau Manufacturing Company, for injuries received by said minor while in the employ of said company. The amended petition alleged that at the time of the happening of said injury, plaintiff was sixteen years of age, and was employed on the fourth floor of the factory of the Pfau Manufacturing Company. Just prior to receiving the injuries complained of he was sent by the foreman to the first floor of said building for the purpose of bringing from the first floor some boxes or other material by the freight elevator to the fourth floor. After reaching the first floor and after spending some little time collecting the desired material, he looked for the elevator and found that it had dissappeared. The petition further states that the gate leading into said elevator shaft on said first floor was tied to the ceiling, thus leaving the entrance to said shaft

open; that in order to look up said shaft to see where the said elevator was, it was necessary for him to step with one foot into the shaft, and as there was no way to support himself in looking up the shaft he placed his right foot on the side of the elevator shaft for support while looking up; that the instant he put his foot on the side of the elevator shaft, the weight that is attached to the elevator when descending caught his said foot, causing the injury complained of. The amended petition charges negligence on the part of the defendant: first, in having no one in charge of the elevator; second, in allowing different employes to run it; third, that there was no bell or other means of signalling from one floor to another; and fourth, that the gate on the first floor was tied to the ceiling.

The answer denies any negligence on the part of the company: and further alleges that if it should be found to have been negligent, the plaintiff was guilty of negligence directly contributing to and which was the proximate cause of the injury, and is therefore not entitled to recover.

A number of questions of law are presented by the brief for plaintiff in error, one of which we think decisive of the case, making it unnecessary to consider any other alleged errors. We have reached the conclusion, after a careful reading of the record and the briefs of counsel, that plaintiff's negligence was such in this case as to prevent a recovery. It was a violation of a statutory duty to have the gate leading to the elevator shaft tied to the ceiling, but we can not see that such negligence had any direct connection with the injury to plaintiff. Had the plaintiff by reason of the position of the gate fallen into the shaft and thereby sustained injuries, a different question would have been presented, and it might be claimed that the company's failure to have the gate free to work automatically was the proximate cause of the injury; in case a jury so found, a court would not likely be justified in questioning such finding. But here the plaintiff's injury resulted from plaintiff voluntarily walking into the shaft, at least from his partly entering the shaft. It is a matter of common knowledge that the space occupied by an elevator shaft is set apart in such buildings solely for such use, and we can conceive of no situation where

a person would be free from negligence in entering a shaft unless for the purpose of oiling or making repairs and then only with the full knowledge of the operator.

We have been cited to no case by counsel for defendant in error where a person either child or adult, who voluntarily placed any part of his body in an elevator and was injured by being struck by the cab, has been held entitled to recover damages, whatever the alleged negligence of the defendant may have been.

On the other hand, the attorney for plaintiff in error has cited in his brief a number of cases holding that such conduct was negligence as a matter of law, such negligence as will preclude a recovery notwithstanding there may have been negligence on the part of the defendant.

We feel that this is unquestionably the law in this state, as well as in other states, and that the evidence in this case shows such a state of facts as that it would be contrary to law and justice to hold the defendant answerable for the injury received by the plaintiff.

We have said that it might have been different had the boy fallen into the shaft by reason of the gate having been permanently tied to the ceiling. It might also have been different, and certainly would have presented a different situation had he been struck by the cab while looking up the shaft; although the cases seem to hold that even in that event he could not recover. But in any event, that is not the case presented in this record. The injuries received were not such as could reasonably have been expected to follow the fastening of the gate to the ceiling, and unless they are in some way connected with the negligence complained of and follow directly therefrom, the defendant could not be held liable. In order to recover from the defendant, his negligence must have been the proximate or direct cause. It seems to us clear that such was not the case but that, as above stated, the direct or proximate cause was the negligence of the boy in placing himself in a position which he must have known was dangerous. Having so found, we are of the opinion that the motion made by the defendant below at

the close of all the evidence, for an instructed verdict, should have been granted.

The judgment below will therefore be reversed and judgment given plaintiff in error.

---

## PROCEDURE ON APPEAL.

Circuit Court of Cuyahoga County.

